UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY HARGROVE,

      Plaintiff,

v.                             Case No:  2:15-cv-44-FtM-38MRM

DAVID G. LAWRENCE, MURPHY,
BAKER, L.T. RODGERS and
MICHAEL D. CREWS,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

### I. Introduction

This matter comes before the Court upon review of the motions to dismiss filed on behalf of Defendants Murphy, Baker, Rogers, and the Secretary of the Florida Department of Corrections (Doc. #31, Motion) and Lawrence (Doc. #34, Warden's Motion). Plaintiff filed a response opposing the motions (Doc. #38, Response).

For the reasons that follow, the Court finds Defendants' motions must be granted because Plaintiff failed to fully and properly exhaust his administrative remedies before initiating this action.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## II.  Background

Plaintiff Johnny Hargrove initiated this action by filing a *pro se* Civil Rights Complaint Form under 42 U.S.C. § 1983 (Doc. #1).  Plaintiff attaches to his Complaint copies of inmate grievances and appeals (Doc. #1-1, pp. 1-10).  The Complaint alleges a claim under the Eighth Amendment of the United States Constitution arising while Plaintiff was imprisoned at DeSoto Correctional Institution.  Plaintiff also raises a claim under Florida Statute § 825.101(2), which he alleges protects elderly and disabled adults in state institutions (Doc. #1).  Plaintiff identifies these defendants: Michael D. Crews, Secretary of the Florida Department of Corrections; David G. Lawrence, Warden, DeSoto Correctional Institution; Murphy, Assistant Warden, DeSoto Correctional Institution; Colonel Baker, DeSoto Correctional Institution; Lieutenant Rogers, DeSoto Correctional Institution.  Id. at 1, 2-6.

According to the Complaint, Plaintiff is a 70-year old inmate with debilitating arthritis in his upper back and shoulders.  Id. at 8.  On April 10, 2014, Plaintiff alleges correctional officers were investigating an altercation between two young inmates in the H-dorm, wing 3, at DeSoto Correctional Institution.  Id.   The following day, on April 11, 2014, Plaintiff alleges that Lieutenant Rogers  punished all three wings in the H-dorm by ordering that everyone be strip searched and body-cavity searched.  Id.  Plaintiff alleges that Lieutenant Rogers made everyone put their hands on their heads for prolonged periods of time.  Id.  Plaintiff alleges that he explained to Rogers that he has medical issues that prevented him from keeping his hands on his head without pain, but Rogers told him to "shut up."  Id.  Plaintiff claims he stood with his hands on his head for over 45 minutes and then again told Rogers he was in pain and had arthritis and pleaded with

him to call the Medical Department. Id. at 9. Plaintiff alleges that Rogers told him to "shut up and stand there, or go to confinement." Id. Plaintiff then states it was lunch time and Rogers told everyone if they wanted lunch, they would have to walk to lunch with their hands on their heads and return with their hands on their heads. Id. Plaintiff states he could not walk this way, and so he was not allowed to eat. Id. Plaintiff alleges that "the maneuver" occurred on both April 10 and April 11, 2014, and that he was not permitted to eat because he could not physically keep his hands on his head and walk. Id. at 10. Plaintiff alleges that the incident caused him severe pain, especially because of his medical conditions, and he was hungry for two days. Id. at 9-10. As relief, Plaintiff requests: declaratory relief, injunctive relief, monetary damages, and any other relief the Court deems proper. Id. at 15.

### III.   Defendants' Motion to Dismiss

Defendants Murphy, Baker, Rogers, and the Florida Department of Corrections move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b). See generally Motion. Defendants assert that Plaintiff failed to exhaust his administrative remedies. Id. at 2-6. Defendants also raise qualified and sovereign immunities. Id. at 7-10. Regarding Defendants Murphy and Baker specifically, Defendants point out that the Complaint does not allege their personal involvement, and there is no *respondeat superior* under 42 U.S.C. § 1983. Id. at 10. Turning to the state law claims, Defendants argue that the Department of Correction is governed under Chapter 944 of the Florida Statutes, not Chapter 825 of the Florida Statutes. Id. at 10-11; see also Doc. #41.

Defendant David Lawrence, who was the Warden of DeSoto Correctional Institution at the time the incident occurred, also moves to dismiss and incorporates by reference his co-defendants' motion. Warden Motion at 1. Defendant Lawrence argues that the Complaint is devoid of any factual allegations showing he personally participated in the incident. Id. And, to the extent Plaintiff attempts to attribute supervisory liability on Lawrence as the Warden, Defendant argues the Complaint is also devoid of sufficient facts. Id. at 2-3.

### IV.  Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

A motion to dismiss under Rule 12(b)(1) provides for a dismissal of an action if the court lacks subject matter jurisdiction. When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in a light most favorable to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985). Attacks on subject matter jurisdiction come in two forms. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.2d 1271, 1279 (11th Cir. 2009); Lawrence v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990). The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis for subject matter jurisdiction. Lawrence, 919 F.2d at 1529. In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion. Id. In contrast, as in the instant case, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case. Id. The court can look outside the pleadings to make its determination, and the court is free to weigh the evidence in order to determine whether it has jurisdiction. Id.; see also Bryant, 530 F.3d at 1376 (stating "[w]here exhaustion--like jurisdiction, venue,

and service of process--is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record."). The Court nonetheless liberally construes Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16.  Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555 (citations omitted).  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  Ashcroft, 129 S. Ct. at 1949.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Id.

A complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  Conley v. Gibson, 355 U.S. 41 (1957).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted).

## V. Applicable Law and Findings

### A. Section 1983

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, a plaintiff must allege and establish an affirmative causal

connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

### B. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff failed to fully and properly exhaust his administrative remedies because Plaintiff did not file an appeal with the Secretary of the Florida Department of Corrections complaining of constitutional violations on any part of Defendants Murphy, Baker, Rogers, and the Department of Corrections. Doc. #31 at 6. In support, Defendants reference an affidavit from Justin Davis, who is the Chief for the Bureau of Policy Management and Inmate Appeals, who attests that he searched the log of inmate appeals and found no appeal from Plaintiff concerning the April 2014 incidents. Id. Defendants also attach copies of Plaintiff's inmate grievances and appeals thereto. Id. at 7-12.

In Response, Plaintiff maintains that he filed a grievance at the institutional level and then an appeal to the Office of the Secretary. Response at 3. Plaintiff asserts that it was his inmate grievances that prompted the Inspector General's Office to contact DeSoto Correctional about investigating the matter. Id. at 3-4. Plaintiff further asserts that as a result, Captain Turner at DeSoto Correctional spoke to Plaintiff about the incident. Id. at 4. In support, Plaintiff attaches inmate grievances dated April 11, 2014 and April 14, 2014 to his response. Notably, neither of these grievances contain a response from correctional officials. See Doc. #38-1 at 1-2. Plaintiff does not contend, however, that officials did not respond to his grievances. See generally Complaint;

Response. Plaintiff also does not attach any copy of the Inspector General report he references in his response opposing the Motion, but provides a letter showing he requested a copy of the report. See Doc. #1-1 at 5-7.

The Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides :

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted.***

28 U.S.C § 1997e(a)(emphasis added). Although prisoners are not required to plead exhaustion, Jones v. Bock, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." Id. at 211; see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To "properly exhaust" administrative remedies a prisoner must complete the administrative review process, as set forth in the applicable prison grievance process. Jones, 549 U.S. at 218. A prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. NGO, 548 U.S. 81, 92-103 (2006). Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrongdoing. Woodford, 548 U.S. at 83; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative

remedies, regardless of whether the relief sought--i.e., monetary damages--is available through the administrative procedures).

In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000). However, an administrative remedy that was not discovered, and which could not have been discovered through reasonable effort, until it was too late for it to be used is not an "available" remedy. Goebert v. Lee County, 510 F.3d 1312, 1324 (11th Cir. 2007). A remedy is not available if it is unknown or unknowable because such remedy is not "capable for use for the accomplishment of a purpose." Id. at 1323. Inmates are not required to "craft new procedures when prison officials demonstrate . . . that they will refuse to abide by the established ones." Turner v. Burnside, 541 F.3d 1077, 1083 (11th Cir. 2008)(citations omitted).

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." Id. at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. Id. at 1377, n.16.

Under the Florida Administrative Code Chapter 33-103, Plaintiff is required to exhaust all available administrative remedies before pursuing a civil rights action. Specifically, the Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance, or formal grievance, depending on the nature of his or her complaint. Fla. Admin. Code 33-103.005-.007. Except in certain circumstances, when an inmate files a formal grievance, he or she must attach the informal grievance and the response received to the informal grievance. Id. at 33-103.006(2)(h). If the inmate's issue is not resolved by utilizing the formal grievance at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. Id. at 33-103.007. Additionally, an inmate may bypass the filing of informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. Id. at 33-103.007(6).

Here, it appears Plaintiff failed to properly exhaust his administrative remedies because he did not properly file an appeal following any denial of his informal grievances concerning the April 10-11, 2014 incidents. See Motion at 6. As attested by Mr. Davis, who is the custodian of the grievance appeal records for the Florida Department of Corrections, Plaintiff never filed an appeal concerning the April 10 and April 11, 2014 incidents. Doc. #31-1, Aff. Davis at ¶¶6-8. In Response to the motion, Plaintiff provides a copy of his inmate grievance dated April 14, 2014, on a "request for administrative remedy or appeal" form, marked for the Warden. See Response at 1, Doc. #38-1 at 1. The copies of the grievances Plaintiff attaches to his Complaint are the same as the grievances he attaches to his response. These grievances reveal that

Plaintiff submitted a grievance on the form for "request for administrative remedy or appeal," directed to the warden, not the Secretary of the Florida Department of Corrections,  See Doc. #38-1 at 1.   Significantly, the denial of the informal grievance is not attached to this grievance, nor is there any response from any correctional official on this grievance.  Id. at 1-2.  The grievance also does not contain an institutional date stamp reflecting the date on which the document was presented to prison officials for mailing.  Id. at 1.  Thus, there is no evidence to substantiate that correctional officials ever received this appeal, albeit to the warden.

Notably, Plaintiff filed numerous grievances and letters complaining about being forced to stand with his arms on his head for prolonged periods of time that caused him pain because of his medical history, which were provided by Defendants as exhibits to their motion.  See Doc. #31-1 at 6-12.  Plaintiff filed an inmate grievance on February 22, 2014, complaining of a similar episode that took place on February 21, 2014, but the grievance only identified a Lieutenant Conners as the person who caused him harm.  Id. at 12.  Conners is not named as a defendant in this action.  The response from correctional officials dated March 5, 2014, denied Plaintiff's grievance because Lieutenant Conners "did not remember" Plaintiff being a part of the search, noted that it is a practice that ensures no contraband is passed from one inmate to another, and further noted that Plaintiff did not have any medical passes.  Id. at 11, 12.  Additionally, on March 13, 2014, Plaintiff appears to have filed a formal grievance concerning the February incident, Exh. 31-1 at 9, and an appeal to the Secretary of the Florida Department of Corrections identifying Lieutenant Conners and correctional officer Herbert, Exh. 31-1 at 7.  The instant action contains no facts concerning either the February incident, or Lieutenant

Conners and Hebert who are the only correctional officials identified in these grievances. Plaintiff simply has not provided sufficient evidence to overcome Defendants' evidence showing that Plaintiff did not fully and properly exhaust his administrative remedies by filing an appeal concerning the April 10-11, 2014 incidents.

Because of the record before the Court and the claims alleged in the Complaint against the named Defendants in particular, the Court concludes that Plaintiff did not fully and properly exhaust his administrative remedies concerning the April 10-11, 2014 incidents at issue in this action because the record shows he did not file an appeal to the Secretary of the Department of Corrections.   To the extent Plaintiff may wish to challenge a Department of Corrections' practice or policy that caused him harm because of his medical limitations, or concerning the February 2014 incidents, the Clerk is directed to attach a new Prisoner Civil Rights Complaint Form for Plaintiff's use as he deems appropriate.   Plaintiff is cautioned there is a four-year statute of limitations for cases filed under 42 U.S.C. § 1983.   See Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (noting a four-year statute of limitations for actions filed under 42 U.S.C. § 1983).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The motions to dismiss filed on behalf of Defendants Murphy, Baker, Rogers, and the Secretary of the Florida Department of Corrections (Doc. #31) and Lawrence (Doc. #34) are **GRANTED**.   The case is **DISMISSED**, **without prejudice**.

2.   The Clerk of Court shall terminate any pending motions, enter judgment, and close this case.

    3.   The Clerk of Court shall attach a copy of the Prisoner Civil Rights Complaint Form for Plaintiff's use as he deems appropriate.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of March, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record
Encl:  Prisoner Civil Rights Complaint Form